McKinney, J.,
delivered the opinion of the Court.
*466 This is an attachment hill against Cole, an absconding debtor, and others who claim to be creditors of said Cole.
It appears that just before the defendant Cole absconded from Perry county, he executed to L. M. Jones the following instrument, namely:
“Know all men by these presents, that I have this day sold and transferred to L. M. Jones my buggy, now in the town of Linden; and do hereby deliver him in possession thereof, to secure him in thirty dollars that I owe him, and also to pay W. P. Kindrick fifteen dollars. Said Jones is hereby placed in possession of said buggy, and is authorized, after ninety days, to sell said buggy and pay said sums, unless I pay them before that time. — June 27, 1855.
“Joi-m H. Cole.”
This instrument was neither proved nor registered. On the next day after said Cole absconded, but subsequent to the execution of said paper, the defendant Howard sued out an attachment against Cole before a justice of the peace, which on the same day was levied on said buggy; and on the following day, the 29th, the complainants filed the present bill, in which they concede that, by the execution of said instrument, Jones acquired a prior and valid lien upon the buggy. But it is assumed in the bill that Howard’s attachment is inoperative, on the ground that the legal title to the buggy was transferred to and vested in Jones by the execution of said instrument, and that the equitable interest remaining in Cole was not subject to attachment at law. In this view of the case, the bill seeks to have all further proceedings on Howard’s attachment enjoined; *467 and, after satisfaction of the debts to Jones and Kindrick, that complainants may he let in to have satisfaction of their debts out of the surplus proceeds of the buggy.
The decree of the Chancellor treats the foregoing instrument executed hy Cole to Jones as a pledge and not a mortgage, and, consequently, that probate and registration -were not required. But, notwithstanding, the decree declares the attachment of Howard void, because nothing remained in Cole hut an equity, which could not he reached hy an attachment at law, the legal title having passed to Jones.
Upon these assumptions, the Chancellor decreed that the-debts of Jones and Kindrick should he first paid out of the proceeds of the buggy, and that the surplus should he applied to the debts of the complainants, and that Howard should he perpetually enjoined from proceeding upon his attachment.
.' The decree is altogether erroneous. The character of the instrument was misconceived. The distinction between a mortgage and pledge is, that hy the former the legal title passes to the mortgagee; hut a pledge is merely a bailment or delivery of goods hy a debtor to his creditor, to he kept till the debt he discharged: the general property or title remains in the pledger, and nothing more than a special property or lien passes to the pledgee; (Story on Bailments, § 287;) and consequently, where the pledge is evidenced by writing, probate and registration are not necessary.
But the instrument in this case purports on its face to be a sale and transfer of the buggy, and the legal effect is to pass the title to Jones, as a security for the debts mentioned therein. This constitutes it a mortgage; and *468 being such, probate and registration were indispensable, by the act of 1831, cb. 90, §§ 1, 12, to give it any effect as against tbe creditors of Cole. In this view of the case, Howard’s attachment was properly levied on the buggy, and constituted the first lien upon, the same. Por the same reason, the attachment of the complainants would have entitled them to priority over Jones and Kindrick, had they not precluded themselves from asserting such priority by the concessions made in their bill, from which they do not ask to be exonerated.
The decree will be reversed, and the proceeds of the sale of the buggy will be applied, first, to the debt of Howard; next, to the debts of Jones and Kindrick; and the surplus to the debts of the complainant.